Filed 10/5/20  P. v. Wohlfeil CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072752 |
| v. | (Super.Ct.No. SWF1707381) |
| MICHAEL ANTHONY WOHLFEIL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge.

Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and

Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Britton B.

Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.  INTRODUCTION

Defendant and appellant, Michael Wohlfeil, was convicted of second degree robbery (Pen. Code, § 211, count 1);[1] two counts of assault with a firearm (§ 245, subd. (a)(2), counts 2 & 3); false imprisonment by violence (§ 237, subd. (a), count 4); and dissuading a witness (§ 136.1, subd. (c), count 5).  Additionally, the jury found true special allegations that defendant intentionally discharged a firearm in the commission of count 1, and his sentence included a 20-year prison enhancement in connection with that finding (§ 12022.53, subd. (c)).

On appeal, the only relief requested by defendant is that we remand the matter to allow the trial court to exercise its discretion to impose a lesser, uncharged firearm enhancement under the authority of section 12022.53, subdivision (h), and the interpretation of that statute espoused in *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*).  We respectfully disagree with the reasoning set forth in *Morrison* and do not believe the trial court has authority to impose a lesser, uncharged firearm enhancement where the charged enhancement is found true and supported by substantial evidence.  Accordingly, we decline defendant's request to remand the matter, and we affirm the judgment.

## II.  FACTS AND PROCEDURAL HISTORY

---

[1]  Undesignated statutory references are to the Penal Code.

2

In April 2017, G.F. and B.S. drove to the parking lot of a fast food restaurant with the intent to meet C.S. and sell her heroin. When they arrived at the parking lot, C.S. met them and climbed into the back seat of the vehicle. As G.F. turned to speak with C.S., he felt a gun press against his neck through his open driver's side window and heard a voice tell him not to move. At trial, G.F. identified defendant as the person holding the gun.

While holding the gun to G.F., defendant demanded money and argued with B.S. At some point, defendant turned the gun toward B.S.; B.S. jumped out of the car and began to run; and defendant fired the gun. Defendant then took a backpack that B.S. had left in the car, as well as money from a wallet B.S. had also left. Defendant demanded G.F. drive defendant and C.S. to a motel away from the scene, and G.F. complied out of fear. After dropping the two off at the motel, G.F. drove away as fast as he could.

As a result of this incident, defendant was convicted of second degree robbery (§ 211, count 1); two counts of assault with a firearm (§ 245, subd. (a)(2), counts 2 & 3); false imprisonment by violence (§ 237, subd. (a), count 4); and dissuading a witness (§ 136.1, subd. (c), count 5). Additionally, the jury found true special allegations that defendant intentionally discharged a firearm in the commission of count 1 (§ 12022.53, subd. (c)), and that he personally used a firearm in the commission of count 4 (§ 12022.5, subd. (a)).

The trial court sentenced defendant to a total of 29 years in state prison.[2] This sentence included a 20-year enhancement for violation of section 12022.53, subdivision (c). Defendant requested the trial court exercise its discretion to strike the enhancement in the interests of justice pursuant to section 12022.53, subdivision (h), but the trial court expressly declined to strike the enhancement. Defendant also inquired whether the court had the authority to reduce the enhancement to the 10-year penalty found in the same statute.[3] The court indicated that it had the authority to impose the enhancement or strike it, but it lacked the authority to reduce it to the 10-year enhancement.

## III. DISCUSSION

Defendant's only claim on appeal is that this matter must be remanded to allow the trial court to exercise its discretion to potentially impose a lesser, uncharged firearm enhancement in place of the 20-year enhancement imposed pursuant to section 12022.53, subdivision (c). Defendant, relying on *Morrison*, claims the trial court has the authority to do so under section 12022.53, subdivision (h). We respectfully disagree with the

---

[2] Specifically, the trial court imposed the midterm of three years for the robbery of B.S. on count 1 (§ 211), enhanced by 20 years for the intentional discharge of a firearm (§ 12022.53, subd. (c)); a concurrent term of three years for the assault of B.S. on count 2 (§ 245, subd. (a)(2)); a consecutive term of one year, representing one-third the midterm for the assault of G.F. on count 3 (§ 245, subd. (a)(2)); a consecutive term of eight months, representing one-third the midterm for the false imprisonment of G.F. on count 4 (§ 237, subd. (a)), enhanced by one year four months for the use of a firearm (§ 12022.5, subd. (a)); and a consecutive term of three years, representing the midterm for dissuading a witness on count 5 (§ 136.1, subd. (c)).

[3] Section 12022.53(b) provides for a 10-year enhancement where a person personally uses a firearm in the commission of specified felonies.

reasoning set forth in that opinion, conclude that the statute does not afford any such discretion, and affirm the judgment.

Section 12022.53 provides three different sentence enhancements for the personal use of a firearm in the commission of enumerated offenses: a 10-year enhancement for the personal use of a firearm (§ 12022.53, subd. (b)); a 20-year enhancement for the personal and intentional discharge of a firearm (§ 12022.53, subd. (c)); and a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death (§ 12022.53, subd. (d)). Recently, the Legislature amended the statute to include the following: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. . . . " (§ 12022.53, subd. (h); Stats. 2017, ch. 682, § 2.)

In *Morrison*, our colleagues in the First District concluded that the amended statute's authority to "strike or dismiss" should be interpreted to include authority for a trial court to exercise discretion to impose a lesser included, uncharged enhancement in the interests of justice under section 1385, notwithstanding a finding by the trier of fact in support of a greater, charged enhancement. (*Morrison*, *supra*, 34 Cal.App.5th at pp. 222-223.)

Multiple Courts of Appeal have since disagreed with this interpretation (*People v. Tirado* (2019) 38 Cal.App.5th 637, review granted Nov. 13, 2019, S257658; *People v. Garcia* (2020) 46 Cal.App.5th 786, review granted June 10, 2020, S261772), and this court has expressly done so on more than one occasion (*People v. Yanez* (2020)

5

44 Cal.App.5th 452, 457-460, review granted Apr. 22, 2020, S260819; *People v. Valles* (2020) 49 Cal.App.5th 156, 164-167, review granted July 22, 2020, S262757).

Because our Supreme Court has granted review to resolve this split in authority, we need not discuss at length the differing interpretations regarding the scope of the trial court's authority under section 12022.53, subdivision (h). As we explained in *People v. Yanez*, we believe the words "strike" or "dismiss," as used in sections 12022.53, subdivision (h), and 1385, give the trial court discretionary authority to either impose the enhancement or relieve the defendant of the consequences of the enhancement. (*People v. Yanez*, *supra*, 44 Cal.App.5th at pp. 458-460.) We do not believe the statute affords a trial court discretion to impose a lesser included, uncharged enhancement in the interests of justice, where the trier of fact has found true a greater, charged enhancement supported by evidence in the record. (*Id*. at p. 460) Defendant's briefs have not provided any substantively new arguments for our consideration, and we see no reason to depart from this court's prior interpretation of section 12022.53, subdivision (h).

Here, the People charged defendant with a sentencing enhancement pursuant to section 12022.53, subdivision (c), and the jury found those allegations true. There is no suggestion that the jury's verdict was unsupported by either the law or the evidence, as would justify the imposition of a lesser offense. When asked to strike the enhancement in the interest of justice under section 12022.53, subdivision (h), the trial court expressly declined to exercise its discretion to do so. Because we reach a conclusion contrary to that in *Morrison*, we decline to remand the matter for resentencing on the ground the trial

6

court has additional, unexercised discretion to impose a lesser, uncharged enhancement.[4]

## IV.   DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS  _____
J.

We concur:

McKINSTER  _____
Acting P. J.

RAPHAEL  _____
J.

---

[4] Further, because we do not believe *Morrison* affords authority for the trial court to impose a lesser, uncharged enhancement, we need not address defendant's arguments regarding forfeiture of the issue; ineffective assistance of counsel for failure to request relief on such grounds; or the question of whether remand would be an idle act on this record.